1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY HEBEBRAND,                          No.  2:22-cv-02271-TLN-CKD P

12                    Petitioner,

13        v.                                      ORDER AND

14   NEIL MCDOWELL,[1]                            FINDINGS AND RECOMMENDATIONS

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed

18   pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the

19   federal habeas corpus application based on the Younger abstention doctrine.  ECF No. 17.

20   Petitioner filed an opposition and respondent filed a reply.  ECF Nos. 32-33.  For the reasons

21   discussed below, the undersigned recommends granting the motion to dismiss the habeas corpus

22   application without prejudice.

23        I.     Factual and Procedural History[2]

24          Petitioner was convicted in the San Joaquin County Superior Court of kidnapping and

---

[1] Respondent's request to substitute Neil McDowell, the Warden of Ironwood State Prison where petitioner is housed, as the proper respondent in this matter is granted.  See Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] Although respondent has not lodged the entire state court record in this case, the relevant factual and procedural history is apparent from the § 2254 petition as well as the amended opening brief filed in the California Court of Appeal.  See ECF Nos. 1, 34-1.

1

1   corporal injury to a person with whom he was dating following his no contest plea.  See ECF No.

2   34-1 (Appellant's Amended Opening Brief).  As part of his plea he admitted to inflicting great

3   bodily injury in circumstances involving domestic violence.  See ECF No. 34-1.  Petitioner was

4   sentenced on January 24, 2020 and placed on five years of probation which included a special

5   condition that he enter into and complete a residential drug treatment program.  ECF No. 34-1.

6        Beginning in May 2021, petitioner picked up new charges which ultimately resulted in the

7   trial court finding him in violation of probation on March 24, 2022.  Id.  Petitioner was sentenced

8   to the 11 year maximum term for the probation violation on May 9, 2022.  Id.  He filed a notice of

9   appeal and was granted two certificates of probable cause by the trial court.  Id.

10       Petitioner's direct appeal was pending in the California Court of Appeal on the date that

11  he filed the instant § 2254 petition.  See ECF No. 1 at 2.  His direct appeal was fully briefed as of

12  October 3, 2023 and remains pending in the state court.  ECF No. 34-2 (California Court of

13  Appeal docket sheet); California Court of Appeal, Appellate Courts Case Information, available

14  at https://tinyurl.com/met86fmk.[3]

15       **II.      Motion to Dismiss**

16       Respondent seeks dismissal of petitioner's § 2254 application because "state criminal

17  proceedings are ongoing as to the judgment of conviction."  ECF No. 17 at 1.  As a result, this

18  court should abstain from reviewing the habeas petition based on the Supreme Court's decision in

19  Younger v. Harris, 401 U.S. 37 (1971).  According to respondent, petitioner has not demonstrated

20  that he will suffer immediate and irreparable harm if this court abstains from reviewing his

21  criminal conviction until after state direct review proceedings are complete.  ECF NO. 17 at 3.

22       In his opposition, petitioner essentially argues the merits of his § 2254 claims to establish

23  that his case fits within the Younger exception based on irreparable injury.  ECF No. 32.

24  Notably, petitioner does not discuss whether his direct appeal is still pending or why these state

25  court proceedings do not afford him the opportunity to raise his claims for relief.

26

27  [3] The court may properly take judicial notice of state court dockets, including those found on the
    internet.  See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (footnote and citations
28  omitted); Fed. R. Evid. 201(b)(2).

1     As part of its reply, respondent attached petitioner's opening brief filed in the California

2     Court of Appeal as well as the appellate court's docket sheet indicating that direct appeal

3     proceedings are ongoing.  ECF No. 34.

4     **II.     Legal Standards**

5     Federal courts cannot interfere with pending state criminal proceedings, absent

6     extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401

7     U.S. 37, 45-46 (1971).  Abstention is required when: (1) state proceedings, judicial in nature, are

8     pending; (2) the state proceedings involve important state interests; and (3) the state proceedings

9     afford adequate opportunity to raise the constitutional issues.  Middlesex County Ethics Comm. v.

10    Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23

11    F.3d 218, 223 (9th Cir. 1994); Kenneally v. Lungren, 967 F.2d 329, 331–32 (9th Cir. 1992).  If all

12    three of these factors are met, the federal court must abstain from ruling on the issues and dismiss

13    the federal action without prejudice, unless there are extraordinary or special circumstances which

14    pose an immediate threat of irreparable injury.  See Kenneally, 967 F.2d at 331; Perez v.

15    Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases

16    involving harassment by state officials, prosecutions undertaken in bad faith that have no hope of

17    obtaining a valid conviction, or where "irreparable injury can be shown.").

18    **III.     Analysis**

19    In this case, all three criteria for Younger abstention are present and petitioner has not

20    demonstrated that this is an extraordinary case justifying an exception to the Younger abstention

21    rule.  First, it is apparent from the face of the petition that state direct appeal proceedings were

22    ongoing when petitioner filed his habeas corpus application.  See Beltran v. State of California,

23    871 F.2d 777, 782 (9th Cir. 1988) (stating that for purposes of Younger abstention analysis, the

24    pendency of state proceedings is determined "at the time the federal action was filed").  In fact,

25    the judgment of conviction is not yet even final.  See Burton v. Stewart, 549 U.S. 147, 156 (2007)

26    (stating that "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment.")

27    (internal quotations and citation omitted).  In the habeas context, "judgment [becomes] final by

28    the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

3

1  § 2244(d)(1)(A).  Accordingly, state proceedings are still ongoing and petitioner's judgment is not

2  yet final, satisfying the first prong of Younger.

3      Second, state criminal proceedings implicate an important state interest.  See Younger,

4  401 U.S. at 43-44.  In practical terms, the Younger doctrine means that "'only in the most unusual

5  circumstances is a defendant entitled to have federal interposition by way of injunction or habeas

6  corpus until after the jury comes in, judgment has been appealed from and the case concluded in

7  the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting Drury v. Cox,

8  457 F.2d 764, 764-65 (9th Cir. 1972)).  For this reason, abstention is also appropriate.

9      Lastly, petitioner seeks the same relief from this court that he has requested from the

10 California Court of Appeal.  Compare ECF No. 1 at 22 with ECF No. 34-1 at 91.  Therefore,

11 federal court action would have the practical effect of interfering in petitioner's state court

12 criminal case.  State court comity dictates that the California Court of Appeal and the California

13 Supreme Court, if necessary, be permitted to review petitioner's probation violation proceeding

14 before federal court habeas proceedings are commenced.  See Williams v. Taylor, 529 U.S. 420,

15 436 (2000) (explaining the "delicate balance… [of] limit[ing] the scope of federal intrusion into

16 state criminal adjudications and to safeguard the States' interest in the integrity of their criminal

17 and collateral proceedings.") (citations omitted).

18     Having reviewed petitioner's § 2254 petition as well as his opposition to the motion to

19 dismiss, the court finds there are no extraordinary circumstances which permit the court to

20 proceed with this action at this time.  Therefore, Younger abstention is required.  For all these

21 reasons, the undersigned recommends granting respondent's motion to dismiss the pending

22 § 2254 petition.  The appropriate remedy is a dismissal without prejudice which will allow

23 petitioner to file a new § 2254 petition once his criminal judgment is final and he has exhausted

24 his state court remedies.  See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988)

25 (emphasizing that ("[w]here Younger abstention is appropriate, a district court cannot refuse to

26 abstain, retain jurisdiction over the action, and render a decision on the merits after the state

27 proceedings have ended.  To the contrary, Younger abstention requires dismissal of the federal

28 action.").

4

**IV.  Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing respondent's motion to dismiss, the undersigned has concluded that your federal habeas petition should be dismissed without prejudice based on your pending state court appeal.  Once your criminal case becomes final and you have exhausted state court remedies, you may file a new § 2254 petition.

If you disagree with this result, you have 14 days to explain why it is wrong.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your case will review them and render the final decision.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court substitute Neil McDowell as the respondent in this matter and update the docket accordingly.

IT IS FURTHER RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 17) be granted.

2.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed without prejudice based on the <u>Younger</u> abstention doctrine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 19, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hebe2271.mtd.abstention